UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY VARNER,

    Plaintiff,

v.

APG MEDIA OF OHIO, LLC, d/b/a
*THE ATHENS MESSENGER*,

    Defendant.

Case No. 2:18-cv-706
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 9), Plaintiff's Memorandum in Opposition to the Motion to Dismiss (ECF No. 11), and Defendant's Reply in Support of the Motion to Dismiss (ECF No. 12). For the reasons stated below, the Court **DENIES** Defendant's Motion.

### I.

Plaintiff Gary Varner worked for Defendant APG Media of Ohio, d/b/a *The Athens Messenger,* as a newspaper delivery person "pursuant to the terms of an Independent Contractor Newspaper Delivery Agreement ("Agreement")," from 2001, until June 13, 2017. (Compl. ¶ 13, Ex. 2, ECF No. 1; Agreement at 1, ECF No. 5-1.) Plaintiff's "most recent Agreement was for a 12-month period from August 4, 2016 to August 4, 2017." *Id.* ¶ 14.

Plaintiff alleges that he had "an exemplary employment record with no history of discipline in the 16 years he worked for [Defendant]." *Id.* ¶ 15. Plaintiff avers that he "regularly received positive reviews and feedback from his supervisors and customers through the years, never missed his route, and consistently delivered his newspapers on-time." *Id.*

Plaintiff alleges that "his supervisors and coworkers constantly harassed [him] due to his sexuality (homosexual), and [Defendant] started conveniently finding and/or creating a basis to terminate [Plaintiff] after he reported this harassment to the company." *Id.* ¶ 16. Plaintiff believes that he is the only homosexual male employed by Defendant. Plaintiff further alleges that "[f]or years he endured harassment, disparate treatment, and a hostile work environment" from his co-workers and also from his supervisors "due to his sexuality." *Id.* ¶ 18. Plaintiff continues, stating that he was subjected to "verbal and physical attacks from his co-workers" and that the was "physically bullied." *Id.* ¶¶ 26, 79. Plaintiff avers that he "repeatedly reported the harassment" to his supervisors and to the Human Resources Department, but nothing was done to intervene in the discrimination and/or harassment. *Id.* ¶ 20.

Plaintiff alleges that the "harassment has included such conduct as slurs to [his] face, calling him 'faggot' and other derogatory names, to a general refusal by any co-workers or supervisors to help [him] with his route if he was sick or injured." *Id.* ¶ 21. He further alleges that the "harassment and hostility towards [him] came to a head on the evening of June 9, 2017, when [three of his coworkers] began attacking and screaming at [him] and his daughter at [Defendant]'s loading docks." *Id.* ¶ 22. Plaintiff continues, "[a]t one point, while [he] was trying to move his car so he could leave, [his coworker] screamed to [him], 'your faggot ass can walk the newspapers there.'" *Id.* ¶ 23.

Plaintiff avers that the next morning, June 10, 2017, he met with his supervisors who "terminated the Agreement and employment, without explanation or cause." *Id.* ¶ 24. Plaintiff received a letter from Defendant dated June 13, 2017, that stated, "Pursuant to your signed agreement . . . we are exercising our termination rights. Effective in 30 days, July 12, 2017, your independent contractor newspaper delivery agreement is terminated." *Id.* ¶ 27.

Shortly after receiving this letter, Plaintiff alleges, he received a call from Defendant informing him that his termination was effective immediately and that he was not to return to work. Plaintiff states that this conduct breached the Agreement. *Id.* ¶ 28, 76.

Paragraph 15 of the Agreement reads, in relevant part:

> A. Either party may terminate this contract for any reason and without cause by providing thirty (30) days written notice to the opposite party.
>
> B. Either party may terminate this contract for cause immediately. "Cause" shall include, but not be limited to, material breach of this contract.

*Id.* ¶ 29.

On July 19, 2018, Plaintiff filed the instant action alleging that Defendant violated state and federal employment discrimination laws, breached the Agreement, and intentionally inflicted emotional distress upon him. Defendant has moved for dismissal of all of Plaintiff's claims. That motion is ripe for review.

## II.

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegation, its "[f]actual allegations must

3

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555

In ruling on a motion to dismiss, a court may consider as part of the pleadings, written instruments that are exhibits to the pleading. *Campbell v. Nationstar Mortg.*, No. 14-1751, 611 Fed. App'x 288, 291-92, 2015 WL 2084023, at *3 (6th Cir. May 6, 2015) (citing Fed. R. Civ. P. 10(c)). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III.

Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and/or the Ohio R.C. §4112.01(A)(2) by discriminating against him based on his gender and/or sexual orientation, retaliating against him for complaining of discrimination, and by subjecting him to a pervasively hostile work environment based on his gender and/or sexual orientation. Defendant moves for dismissal of this action in its entirety because (A) these civil rights laws apply only to employees and Plaintiff was an independent contractor, (B) even if the laws applied to Plaintiff, he has not sufficiently pleaded any claim under them, and (C) declination of jurisdiction over the state law claims of breach of contract and intentional infliction of emotional distress based on the Court's expected dismissal of the federal claims.

### A.  Independent Contractor Versus Employee

Defendant first argues that Plaintiff was an independent contractor, not an employee. "As a general rule, the federal employment discrimination statutes protect employees, but not independent contractors." *Shah v. Deaconess Hosp.*, 355 F.3d 496, 499 (6th Cir. 2004); *see also*

*Christopher v. Stouder Meml. Hosp.*, 936 F.2d 870, 877 (6th Cir. 1991) (citing *Falls v. Sporting News Pub. Co.*, 834 F.2d 611, 613 (6th Cir. 1987) (while the term "employee" is to be construed broadly in Title VII, it is not meant to reach independent contractors)). Sixth Circuit courts "apply the common law agency test to determine whether a hired party is an independent contractor or an employee." *Shah*, 355 F.3d at 499.

> "[T]he common law analysis requires the consideration of numerous factors, including:
>
>> the hiring party's right to control the manner and means by which the product is accomplished; the skill required by the hired party; the duration of the relationship between the parties; the hiring party's right to assign additional projects; the hired party's discretion over when and how to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's regular business; the hired party's employee benefits; and tax treatment of the hired party's compensation.
>
> 100 F.3d at 443 (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322 (1992) [referred to as the *Darden* factors]).

*Id.* at 499–500.

Defendant argues that "[t]he Independent Contractor Agreement attached to the Complaint under which the Plaintiff admittedly performed delivery services, evidences independent contractor status." (Def.'s Mot. at 7.) Further, Defendant asserts that while the determination of whether an individual qualifies as an employee is a mixed question of law and fact, it is a decision a judge normally can make as a matter of law. Finally, Defendant maintains that Plaintiff's pleading "lacks any fact allegations suggesting that Plaintiff could or should be treated as an employee." (Def.'s Reply at 5.) Defendant's arguments are not well taken.

First, while the Agreement is certainly evidence of an independent contractor relationship, it is only one factor in the analysis. "[A]ll of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Darden*, 503 U.S. at 324. Second,

Plaintiff has made factual allegations relating to the other factors relevant to this inquiry, including his allegation that he had an uninterrupted 16-year relationship with Defendant who controlled his work to the extent that it dictated the routes and times of the delivery services. He alleges that his supervisors cover shifts for drivers who are sick or injured. Plaintiff further alleges that he must obtain the products at Defendant's business location at particular times. Also, Plaintiff avers that he was subjected to reviews, feedback, and potential discipline. Consequently, the Court finds that Plaintiff has sufficiently pleaded facts that, taken as true, form the basis from which a reasonable inference may be made that he was an employee.

Last, Defendant is correct that the determination of whether an individual qualifies as an employee is a mixed question of law and fact that a judge normally can make as a matter of law. *See Weary v. Cochran,* 377 F.3d 522, 524 (6th Cir. 2004). However, the cases relied upon by Defendant, and those this Court has reviewed, make the determination as a matter of law on summary judgment. *See Simpson v. Ernst and Young,* 100 F. 3d 436, 443 (6th Cir 1996) and *Darden,* 503 U.S. 318; *accord Clough v. State Farm Mut. Auto. Ins. Co.,* 13-2885-STA-TMP, 2014 WL 1330309, at *5 (W.D. Tenn. Mar. 28, 2014) ("The Sixth Circuit has held in a series of cases that insurance agents like Clough are independent contractors, and not employees, but only at summary judgment and based on a complete analysis of the *Darden* factors after a full opportunity for discovery."). It is at that time that the parties can present to the Court the type of evidence that is usually necessary to make the determination as to whether the individual was an employee or an independent contractor.

## B. Discrimination and Retaliation

"Title VII prohibits employers from 'discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's

race, color, religion, sex, or national origin.'" *Equal Empl. Opportunity Commn. v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 571 (6th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)). To establish a *prima facie* case of employment discrimination pursuant to Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position in question; and (4) he was treated differently from similarly situated individuals outside of his protected class." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)).

To make out a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in a protected activity under Title VII, (2) the protected activity was known to the defendant, (3) the defendant took an adverse employment action against the plaintiff, and (4) there was a causal connection between the adverse employment action and the protected activity. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013) (citing *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003) and *Spengler v. Worthington Cyclinders*, 615 F.3d 481, 491–92 (6th Cir. 2010)). And, to establish a *prima facie* case of sexual harassment based on hostile work environment, a plaintiff "must adduce evidence demonstrating that '(1) []he is a member of a protected class (female); (2) []he was subjected to harassment, either through words or actions, based on sex; (3) the harassment had the effect of unreasonably interfering with h[is] work performance and creating an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer.'" *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009) (quoting Grace v. USCAR, 521 F.3d 655, 678 (6th Cir. 2008)).

"The *prima facie* requirement for making a Title VII claim "is not onerous," and poses "a burden easily met." *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660 (6th Cir. 2000) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981) and *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987)); *see also Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008) ("The burden of establishing a *prima facie* case in a retaliation action is not onerous, but one easily met."). The Court notes, however, that a *prima facie* case is an evidentiary standard, not a pleading requirement. Instead, claims brought under Title VII are analyzed under the ordinary notice pleading standards set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007) ("Thus, the [*Swierkiewicz*] Court held that an employment-discrimination plaintiff satisfies her pleading burden by drafting 'a short and plain statement of the claim' consistent with Federal Rule of Civil Procedure 8(a)."). "Provided that the plaintiff 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,' the complaint must be upheld." *Lindsay*, 498 F.3d at 469 (quoting *Swierkiewcz*, 534 U.S. 06 at 512).

Defendant takes issue only with whether Plaintiff is a member of a protected class, contending that sexual orientation discrimination is not discrimination based upon sex as that term is defined in Title VII jurisprudence. Protected class membership is an element of a *prima facie* case of discrimination and harassment, and is necessary for a claim of retaliation because, if Title VII does not encompass discrimination based on sexual orientation, a complaint of sexual harassment based on sexual orientation cannot constitute protected activity for purposes of a retaliation claim. *Gilbert v. Country Music Ass'n, Inc.*, 432 Fed. Appx. 516, 520 (6th Cir. 2011) ("Because the conduct Gilbert opposed was not an 'unlawful employment practice,' 42 U.S.C. §

8

2000e–3(a), his retaliation claims must also fail.") (citing *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 520 (6th Cir.2009); *see also Hamm v. Weyauwega Milk Prods., Inc.*, 332 F.3d 1058, 1066 (7th Cir. 2003) (claim of harassment on the basis of sexual orientation cannot give rise to a Title VII retaliation claim)). Defendant argues that the United States Court of Appeals for the Sixth Circuit made clear in *Vickers v. Fairfield Medical Center*, 453 F.3d 757 (6th Cir. 2006) that Title VII does not cover discrimination based upon sexual orientation.

Plaintiff responds, pointing out that this Court recently "held in *Spellman* that a plaintiff 'may assert a claim of sexual harassment on the basis of her gender or sexual orientation because she offers evidence that she was harassed by both men and women 'because of' her sex.'" (Pl.'s Mem. in Opp. at 8) (citing *Spellman v. Ohio Dep't of Transportation*, 244 F. Supp. 3d 686, 699 (S.D. Ohio 2017)). As this Court highlighted in *Spellman*:

> The EEOC recently ruled that discrimination on the basis of sexual orientation is discrimination on the basis of sex under Title VII. *See Baldwin v. Dep't of Transportation,* EEOC Appeal No. 12013080, 2015 WL 4397641, at *1 (July 15, 2015); (Ex. A to Pl. Resp., ECF No. 33–1.) In *Baldwin,* the EEOC concluded that sexual orientation "is inherently a 'sex-based consideration,' and an allegation of discrimination based on sexual orientation is necessarily an allegation of sex discrimination under Title VII." *Id.* at *5. The EEOC explained:
>
>> "Sexual orientation" as a concept cannot be defined or understood without reference to sex. A man is referred to as "gay" if he is physically and/or emotionally attracted to other men. A woman is referred to as "lesbian" if she is physically and/or emotionally attracted to other women. . . . It follows, then, that sexual orientation is inseparable from and inescapably linked to sex and, therefore, that allegations of sexual orientation discrimination involve sex-based considerations.
>
> *Id.* Moreover, the Supreme Court has recognized a viable Title VII claim on the basis of sex stereotyping or gender-non-conforming behavior. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 250–51, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) ("In the specific context of sex stereotyping, an employer who acts on the basis of a belief that a woman cannot be aggressive, or that she must not be, has acted on the basis of gender."). The Sixth Circuit has also made clear that although sexual orientation is not an explicitly protected class, Title VII nevertheless protects a homosexual or transgender plaintiff from harassment for failure to conform to

9

> traditional sex stereotypes, for instance by expressing less feminine mannerisms and appearance. *See, e.g., Smith v. City of Salem*, 378 F.3d 566, 573 (6th Cir. 2004); *Myers v. Cuyahoga Cty.*, 182 Fed.Appx. 510, 519 (6th Cir. 2006).

*Spellman*, 244 F. Supp. 3d at 698 (S.D. Ohio 2017).

Since *Spellman* issued, the Sixth Circuit recognized that Title VII includes prohibitions on discrimination "on the basis of [] transgender status and transitioning identity." *Equal Empl. Opportunity Commn. v. R.G. &. G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 571 (6th Cir. 2018). In that case, the Sixth Circuit not only recognized discrimination on the basis of transgender status and transitioning identity, it also narrowed *Vickers'* holding regarding sexual orientation discrimination. That is, the court disregarded "[t]he *Vickers* court's efforts to develop a narrower rule" by adding a "new 'observable-at-work' requirement," which was "at odds" with prior Sixth Circuit case law." *Id.* at 580 (citing *Smith v. City of Salem*, 369 F.3d 912, 922 (6th Cir.), *opinion amended and superseded*, 378 F.3d 566 (6th Cir. 2004) and *Barnes v. City of Cincinnati*, 401 F.3d 729 (6th Cir. 2005)). The court concluded that, "[f]rom *Smith* and *Barnes*, it is clear that a plaintiff may state a claim under Title VII for discrimination based on gender nonconformance that is expressed outside of work. The *Vickers* court's efforts to develop a narrower rule are therefore not binding in this circuit." *Id.*

With regard to sexual harassment, this Court explained in *Spellman*, that *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998) is "relevant and especially persuasive." *Spellman*, 244 F. Supp.3d at 699. In *Oncale*, the plaintiff brought a claim under Title VII alleging sexual harassment by his same-sex coworkers. He alleged verbal and physical harassment, including assault and threatened assault. This Court explained:

> The Fifth Circuit below had denied his claim, holding that same-sex sexual harassment claims are never cognizable under Title VII. Justice Scalia delivered the opinion of the Court, and in reversing the Fifth Circuit's decision held that "sexual harassment must extend to sexual harassment of any kind that meets the

statutory requirements." *Id.* at 80, 118 S.Ct. 998. Title VII prohibits discrimination "because of . . . sex" without regard to the sex of the harasser. 42 U.S.C. § 2000e–2(a)(1). Justice Scalia explained that discrimination is usually easiest to infer in the male-female context because "the challenged conduct typically involves explicit or implicit proposals of sexual activity" and "it is reasonable to assume those proposals would not have been made to someone of the same sex." *Id.* However, same-sex discrimination might also be found "for example, if a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by a general hostility to the presence of women in the workplace." *Id.* Thus, the Supreme Court has recognized that Title VII prohibits "sexual harassment" of any kind if it is "because of . . . sex."

*Spellman*, 244 F. Supp. 3d 686 at 699.

Plaintiff in the case *sub judice* alleges that he was verbally and physically attacked and threatened with assault, terminated, and retaliated against on the basis of sex. That is, the alleged harassing comments and physical harassment and adverse employment actions may be reasonably construed as motivated by sex stereotyping and/or gender non-conforming behavior. Moreover, like the plaintiff in *Spellman*, Plaintiff here alleges that he "was harassed by both men and women 'because of' h[is] sex.'" The Court finds therefore, that Plaintiff has alleged plausible claims under Title VII.

## IV.

For the reasons set forth above, the Court **DENIES** Defendant's Motion to Dismiss. (ECF No. 9.)

**IT IS SO ORDERED.**

\_\_\_\_1-8-2\_ 1-9-2019_____         _____
**DATE**                              **EDMUND A. SARGUS, JR.**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**

11